IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN DOE (pseudonym) | § | |
| on behalf of his minor child, | § | |
| FRANK THOMAS (pseudonym) | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | (JURY TRIAL) |
| DEBORAH HELEN SUTTER, | § | |
| FORT BEND COUNTY, TROY NEHLS | § | |
| KENNETH JOHNSON, | § | |
| CHANCE BAGLEY,THOMAS HIBBS, | § | |
| THOMAS CANTU,   DALIA SIMONS, | § | |
| TIMOTHY MORRIS | § | |
| AND KRISTY GUTIERREZ | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## I.
## INTRODUCTION

1.      Most will agree there are few things more vile and deplorable than the sexual molestation of a child by a caretaker.  Frank Thomas – a minor – was sexually abused three or four times per day, twice weekly by a Fort Bend County agent amounting to a horrific count of over a hundred sexual assault molestations.  These horrific acts were caught on videos yet they continued unmercifully. The molestation of this child began when he was fifteen (15) years old and continued for over a year.  All of the sexual abuse occurred at Fort Bend County Juvenile Detention Center – a facility whose employees failed to supervise a child predator and demonstrated deliberate indifference to Frank Thomas' medical, emotional, and psychological needs.  This case is about a vulnerable child who was repeatedly victimized and systematically raped by a state institution that miserably failed to protect him.

1

**II.**
**FACTS**

2.      At the age of fourteen (14), Frank Thomas (pseudonym) was arrested for a

misdemeanor offense.   In March of 2017 (at the age of fifteen), he was incarcerated at

Fort Bend County Juvenile Detention Center, located in Richmond, Texas.

3.      On May 16, 2018, upon reviewing video footage, Kenny Johnson

(Detention Director at Fort Bend County Juvenile Detention Center) observed lewd

physical contact between Deborah Helen Sutter and minor Frank Thomas.   Deborah

Helen Sutter is a sixty-four-year-old Volunteer Mentor hired by Fort Bend County.   The

physical contact Kenny Johnson observed occurred in visitation room four (4) of the

detention center.   Kenny Johnson called Chance Bagley (Prison Rape Reform Act

Coordinator for Fort Bend County Juvenile Probation) to report the incident.

4.      Also on May 16, 2018, Chance Bagley interviewed Frank Thomas without

offering him access to medical attention or counseling.   During the interview, Frank

Thomas revealed information that is extremely shocking to the conscience.   Particularly,

the minor revealed Deborah Helen Sutter repeatedly touched his private area,

masturbated and sexually assaulted him during her many past visits.   *See* **Exhibit A**

(Complaint and Affidavit for Arrest Warrant incorporated herein by reference).

Incredibly, Chance Bagley failed to seek any medical or psychological treatment for

Frank Thomas following the interview, as required by state and federal law requirements

that he do so.   Chance Bagley was deliberately indifferent to Frank Thomas' serious

physical, emotional, medical and psychological needs.

5.      On May 16, 2018, Chance Bagley reported the touching incident as well

as the interview with Frank Thomas to Fort Bend County Sheriff Deputy T. Hibbs.

Again, incredibly, Deputy T. Hibbs also failed to seek any medical or psychological

treatment for Frank Thomas, amounting to deliberate indifference to the minor's serious medical needs.

6.     On May 17, 2018, Kenny Johnson and Chance Bagley began reviewing past video footage of visits between Frank Thomas and Deborah Helen Sutter.  The video footage revealed Deborah Helen Sutter repeatedly molested Frank Thomas (she touched his penis and masturbated the minor during her purported mentoring sessions).  Defendant Sutter's actions humiliated Frank Thomas and caused embarrassment, trauma, and anxiety.  Deborah Helen Sutter's invasive and obscene sexual assaults of Frank Thomas would often occur multiple times per visit, causing the minor to suffer mental anguish, stress, anxiety, humiliation, fear, and mortification.  Again, despite state and federal law requirements, Kenny Johnson and Chance Bagley did not seek any medical or psychological treatment for Frank Thomas.  These defendants' conduct amounted to deliberate indifference to Frank Thomas' serious medical needs.

7.     On May 18, 2018, Chance Bagley and Kenny Johnson showed several of the aforementioned video recordings to Fort Bend County Sheriff Detective Thomas Cantu. The video footage revealed Deborah Helen Sutter sexually assaulted and masturbated Frank Thomas repeatedly during her mentor-mentee sessions.  Notably, she often had two or three of these sessions per week with Frank Thomas at Fort Bend County Juvenile Detention Center.  Incredible as it is, Detective Cantu also did not seek any medical or psychological counsel.  Chance Bagley and Kenny Johnson informed Detective Thomas Cantu about the existence of several additional videos of Deborah Helen Sutter molesting and masturbating Frank Thomas during the mentorship sessions.

8.     Even at this point, these three Fort Bend County policymakers and leaders -- Detective Thomas Cantu, Chance Bagley, and Kenny Johnson -- did not seek any medical or psychological treatment for Frank Thomas, in contravention of state and

federal law requirements.  The defendants' failure to seek medical care for the minor evidences a deliberate indifference to Frank Thomas' serious medical needs.

9.     On May 18, 2018, Detective Thomas Cantu informed Sergeant D. Simmons and Sergeant T. Morris about Chance Bagley's interview with Frank Thomas as well as the video footage of Deborah Helen Sutter sexually assaulting Frank Thomas on multiple occasions.   Still, Detective Thomas Cantu, Sergeant D. Simmons, and Sergeant T. Morris failed to seek state- and federal-required medical/psychological treatment for Frank Thomas.  These defendants were deliberately indifferent to the minor's serious medical needs.

10.     On May 21, 2018, Fort Bend County Forensic Interviewer Kristy Gutierrez conducted an interview of Frank Thomas in the presence of Detective Thomas Cantu.  During the interview, Frank Thomas again explained that shortly after his incarceration at Fort Bend County Juvenile Detention Center, Deborah Helen Sutter began to touch and play with his penis.  Frank Thomas further explained that beginning in May of 2017 (at the age of 15) Deborah Helen Sutter would "play with his penis three or four times each time they had a visit."  All visits would occur in a visitation room at Fort Bend County Juvenile Detention Center.  Kristy Gutierrez and Detective Thomas Cantu did not seek any medical or psychological treatment for Frank Thomas, although state and federal law require treatment.  The defendants' failure to act amounted to deliberate indifference to the minor's serious medical needs.

11.     On May 22, 2018, Deborah Helen Sutter was arrested and charged with "Indecency with a Child, a Second Degree Felony," as described in section 21.11 of the Texas Penal Code.

12.     Deborah Helen Sutter's repeated sexual assaults of Frank Thomas occurred in visitation rooms at Fort Bend County Juvenile Detention Center.  Employees and staff members at Fort Bend County Juvenile Detention Center failed to supervise

Deborah Helen Sutter; they failed to physically monitor her visits with Frank Thomas; and they failed to monitor the massive video footage of her visits with Frank Thomas.

13.    The aforementioned acts and omissions of Fort Bend County Juvenile Detention Center resulted in Deborah Helen Sutter sexually assaulting Frank Thomas multiple times per visit, multiple times each week, for over a year (from the time he was fifteen [15] until he was seventeen [17] years old).  Despite having full knowledge that Deborah Helen Sutter sexually assaulted Frank Thomas, defendants undertook no efforts to offer the minor medical attention upon learning of his victimization or any time thereafter.  Defendants demonstrated deliberate indifference and took no reasonable steps to ensure Frank Thomas received proper and appropriate medical attention.

14.    The psychological evaluation of Frank Thomas (attached hereto as **Exhibit B** and incorporated herein by reference) indicates as follows:

> Frank (pseudonym) meets current criteria for Post-Traumatic Stress Disorder and major Depressive Disorder, Recurrent Episode, Severe, both related to his (chronic sexual abuse by a mentor during his incarceration at the Fort Bend County Detention Center.  The symptoms in these diagnosis cause remarkable difficulty in his everyday life and personal relationships.  His lack of trust in others and severe fear of going out in public since the assaults makes it very difficult for him to lead a meaningful life.  In his condition, immediate psychiatric care and therapeutic treatment are recommended.  There is valid concern that his symptoms could have been reduced and would not have been exacerbated to this level of severity had he received more immediate mental health treatment.  In my clinical opinion, anyone involved in the profession of requiring the supervision of children at Fort Bend County Detention Center should have been able to recognize the possible substantial mental health risks to Frank Thomas (pseudonym) upon learning about his repeated molestation by the outside mentor the detention center allowed to visit.  All those involved were mandated reporters which should have given the appropriate training to know that Frank (pseudonym) would need an evaluation and increased level of care after learning about his sexual abuse.  Under the proper mental health and psychiatric care his symptoms can be managed more appropriately and without this his psychological condition was severely exacerbated (sic).

15.     As indicated in the psychological evaluation, defendants should have recognized the substantial mental health risks to Frank Thomas, and – after learning he was repeatedly victimized and suffered ongoing sexual abuse – they should have known he would need an evaluation and an increased level of care.  However, defendants were deliberately indifferent to Frank Thomas' obvious substantial health risks, bodily integrity, life, safety, security, physical well being, and mental well being – all of which were compromised and damaged by defendants' repugnant conduct.  Moreover, at no time did defendants procure any medical treatment for the physically, emotionally, and psychologically abused child.

16.     Deborah Helen Sutter's extreme and illegal sexual assaults on Frank Thomas deeply traumatized the minor to the extent that he is now under the care and mental evaluation of a psychologist given defendants' outright disregard for Frank Thomas' Constitutional rights, which are intended to safeguard the minor's privacy and dignity.  Defendants' misconduct (including but not limited to their failures and refusals to provide Frank Thomas with medical attention, and their failure to supervise Deborah Sutter) violated Frank Thomas' Fourteenth Amendment Due Process and/or Eighth Amendment Rights under the United States Constitution and/or federal statutory law. Their misconduct further evidences reckless disregard and deliberate indifference to the minor's rights.

17.     The Prison Rape Elimination Act (PREA) was enacted by the United States Congress because of the tremendous amount of persons being raped while serving their prison sentences.  The PREA provides "Zero Tolerance" for rape and sexual assault in prisons, jails, and other governmental institutions.  Similarly, the Texas Penal Code prescribes criminal offenses for persons in the State of Texas who violate the Penal Code and commit sex acts described therein.  The Texas Penal Code, Texas Code of Criminal

Procedures, Texas Occupations Code, and the Texas Health & Safety Code provide state actors acting under color of their official capacities with procedures to follow when persons are victimized due to violations of these codes. Particularly, these laws provide victims of such crimes with prescribed protections, safeguards, as well as physical and mental evaluations to assess further injuries and harm due to misconduct, rape, sexual assaults, or other similar incidents in state or federal prisons, jails, or other institutions.

18.     Kenny Johnson, Chance Bagley, Fort Bend County Sheriff Deputy T. Hibbs, Fort Bend County Sheriff Detective Thomas Cantu, Fort Bend County Sheriff Sargent D. Simmons, Fort Bend County Sheriff Sargent T. Morris, and Fort Bend County Forensic Interviewer Kristy Gutierrez learned of the repeated sexual assaults of Frank Thomas. These defendants knew the procedures set forth by the Texas Legislature and were nonetheless deliberately indifferent to the child's need for medical attention and treatment. These defendants failed to arrange for Frank Thomas' transport from Fort Bend County Juvenile Detention Center to a medical facility. Furthermore, these defendants failed to request Frank Thomas be transported to an emergency room for the purpose of physical examination, treatment, and gathering evidence such as contact DNA and victim/witness statements, as is the proper and lawful procedure during investigation of any sexual assault or rape allegation in the State of Texas. [See Chapter 57 of the Texas Family Code, Crime Victims' Rights; Section 1701.352 of the Texas Occupations Code, Law Enforcement Officers; Texas Penal Code, Sections 22.011 "Sexual Assault," 22.021 "Aggravated Assault," and 22.04 "Injury to a Child, Elderly Individual, or Disabled Individual].

19.     Troy Nehls is the Sheriff of Fort Bend County and responsible for its policies, practices and procedures. While it is patently obvious, as exemplified by this very case, why individuals should not have unmonitored access to jail inmates, (let alone

juvenile inmates of the opposite sex) Sheriff Nehls failed to enact such policies and practices of supervision, monitoring and vetting of volunteers such as Deborah Helen Sutter.  These failures led directly to the repeated molestations of Frank Thomas and the ensuing damages.[1]

20.    Frank Thomas has suffered physically and emotionally. At no time after the sexual molestations, after viewing the numerous video recordings of sexual molestations, after interviewing Frank Thomas regarding the sexual molestations,  or thereafter  was Frank Thomas properly examined and treated for physical or mental injuries caused by the sexual molestations, as required by the Texas Penal Code, the United States Congress Prison Rape Elimination Act, and the Texas Occupations Code, (which prescribes sheriffs' duties and obligations to a sexual assault or rape victim).  The failures, refusals, and deliberate indifference to Frank Thomas' needs – i.e. the need to be timely transported to an emergency room, the need to receive care at an appropriate medical facility, the need to otherwise be examined by a healthcare professional, and the need for authorities to properly gather evidence of the crimes committed against Frank Thomas – violated his Fourteenth Amendment Due Process rights and/or his Eight Amendment Rights.

21.    The Prison Rape Elimination Act (PREA), The Texas Penal Code, Texas Code of Criminal Procedure, Texas Occupations Code, and the Texas Heath and Safety Code prescribe procedures state actors must follow to ensure victims of sex crimes receive physical and mental evaluations.  Such evaluations are intended to determine whether any further injuries or harm result from acts of rape or sexual assault in state or federal prisons, jails, and other institutions.

---

[1] *Hinojosa v. Livingston*, 807 F.3d 657, 668-69 (5th Cir. 2015) ("Defendants contend that the complaint does not properly allege *their responsibility* for the asserted constitutional violation because § 1983 does not contemplate supervisory liability. They argue that they cannot be held liable for the alleged failures of medical personnel and subordinate corrections officers because they did not personally

22.     The aforementioned extreme and illegal assaults and molestations deeply traumatized Frank Thomas to the extent that he is now under the care and mental evaluation of mental health professionals due to the outright disregard for his Constitutional rights, which include Frank Thomas' vested rights to privacy and dignity. The fact that the Fort Bend County Juvenile Detention Center treated a child within their custody with such blatant brutality and inhumanity is an outrage to contemporary society and violated contemporary standards of decency.

23.     A conservative evaluation of the facts reveals Frank Thomas was sexually molested at least three times per visit, twice per week, for a total of three hundred twelve (312) times while in the custody and care of Fort Bend County Juvenile Detention Center. Each disgusting, perverted act was captured by video surveillance and was ignored by the Fort Bend County workers responsible for protecting the child from harm. Fort Bend County's failure to supervise Deborah Helen Sutter is inexcusable. At trial, Plaintiff will demonstrate Frank Thomas was being repeatedly molested while Fort Bend County Juvenile Detention Center staff members shirked their duties and responsibilities by sending and receiving text messages, talking on their cell phones, posting on social media, listening to music, and socializing instead of properly supervising Deborah Helen Sutter.

24.     Plaintiff claims herein that defendants violated Frank Thomas' equal protection and due process rights and exhibited deliberate indifference by failing to follow proper state-law procedures concerning Frank Thomas' sexual assault.

### III.
### JURISDICTION AND VENUE

25.     This Complaint presents federal questions pursuant to 28 U.S.C §§ 1331 and 1343 as well as the United States Constitution, including the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, which are enforced pursuant to 42 U.S.C. § 1983. This Complaint is being brought to redress Plaintiff's claims of

deprivation of rights, privileges, and immunities by state actors performing in their official and/or individual capacities under color of state law and employment, when such rights, privileges, and immunities are secured under the United States and Texas Constitutions and federal laws, including the Federal Prison Rape Elimination Act of 2003; 42 U.S.C. § 15601, et seq.; 28 CFR, Part 115; the Americans with Disabilities Act/Rehabilitation Act; and statutory laws prescribed in the Texas Occupation Codes, the Texas Health & Safety Code, the procedures set forth in the evidence-gathering process of rape/sexual assault cases, and the physical and mental evaluation process of rape/sexual assault victims; and the well-established laws and decisions of the United States Supreme Court, federal courts of appeals, and federal district courts. Section 1983 affords a basis for any citizen to present a cognizable claim for relief against state actors if, as a result of state action, the citizen has been deprived of any rights, privileges, or immunities secured by the United States Constitution and/or federal law. Plaintiff's state law claims are properly before the Court under pendant jurisdiction.

26.    Plaintiff maintains the defendants named jointly and/or severally herein have deprived Frank Thomas of his liberty interests; due process rights; equal protection rights; privileges and immunities secured under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution; federal and state laws; and the decisions and interpretations of the United States Supreme Court, federal courts of appeals, and district courts' well established laws prior to the complained-of events – namely, the Federal Prison Rape Elimination Act, Texas Code of Criminal Procedure,  Texas Occupations Code, and Texas Health & Safety Code.

27.    While entry of a declaratory judgment will establish Frank Thomas' federally protected Constitutional and statutory rights have been violated, relief provided by § 1983 enables Plaintiff to establish the violation of a liberty interest, due process, or equal protection right, and that certain defendants with an opportunity to take corrective

or preventive measures failed to do so.  Subject to and dependent upon a ruling in Plaintiff's favor as to his due process or equal protection claims, the principle of pendent jurisdiction permits Plaintiff to bring a state law tort claim of "Intentional Infliction of Emotional Distress" against individual defendants.

28.     In accordance with federal jurisprudence, the Federal Prison Rape Elimination Act, the Texas Code of Criminal Procedure, the Texas Occupations Code, and the Texas Health & Safety Code, Plaintiff challenges the procedures, policies, and rules and/or absence thereof, under which Fort Bend County Juvenile Detention Center operated during the time of the complained-of incidents.

29.     The damages claimed are within the jurisdictional limits of the Court.

30.     All conditions precedent to bring these causes of action have occurred and/or been performed.

31.     Venue is proper in the Houston Division of the Southern District of Texas since Plaintiff's claims, including federal claims asserted herein, accrued in Fort Bend County, Texas and one or more of the defendants reside in Fort Bend County, Texas or is principally located in Fort Bend County, Texas.

### IV.
### PARTIES

32.     John Doe (pseudonym) is the father of Frank Thomas (pseudonym).  Both are residents of Harris County, Texas.

33.     Troy Nehls is the Sheriff of Fort Bend County, Texas and is sued individually.   He can be served with process at 1410 Williams Way Boulevard, Richmond, Texas or wherever he is found.

34.     Deborah Sutter is a former volunteer mentor for the Fort Bend County Juvenile Probation Department and may be served at her residence located at 1316 Radio Lane, #26, Rosenburg Texas 77471.

35.     Kenneth Johnson is the Detention Division Director at Fort Bend County Juvenile Detention Center and may be served at his place of employment located at 122 Golfview Drive; Richmond, Texas 77469.

36.     Chance Bagley is the Compliance Supervisor of Fort Bend County Juvenile Detention Center and may be served at his place of employment located at 122 Golfview Drive, Richmond, Texas 77469.

37.     Fort Bend County Sheriff Deputy Thomas Hibbs may be served at his place of employment located at 1410 Williams Way Blvd., Richmond, Texas 77469.

38.     Fort Bend County Sheriff Detective Thomas Cantu may be served at his place of employment located at 1410 Williams Way Blvd., Richmond, Texas 77469.

39.     Fort Bend County Sheriff Sargent Dalia Simons may be served at her place of employment located at 1410 Williams Way Blvd., Richmond, Texas 77469.

40.     Fort Bend County Sheriff Sargent Timothy Morris may be served at his place of employment located at 1410 Williams Way Blvd., Richmond, Texas 77469.

41.     Child Advocates of Fort Bend Forensic Interviewer Kristy Gutierrez may be served at her place of employment located at 5403 Avenue N, Rosenburg, Texas 77471.

42.     Fort Bend County is a Texas County located in the Southern District of Texas, Houston Division which may be served through its registered Agent County Judge KP George located at 401 Jackson Street, Richmond, Texas 77469.

## V.
## CLAIMS UNDER § 1983

43.     Plaintiff brings claims against each defendant pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person" who, "under color of any statute, ordinance, regulation, custom, or usage, of any State," violates another's rights under the U.S. Constitution.  42 U.S.C. § 1983; *See also, e.g., Whitley v. Hanna*,

726 F.3d 631 (5th Cir. 2013).   To state a § 1983 claim, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Id.* (quoting *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008)).   A plaintiff may bring a § 1983 claim against a person in his individual or official capacity, or against a local government entity.  *Goodman v. Harris Cty.*, 571 F3d 388, 395 (5th Cir. 2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (municipalities and other local government units are "persons" subject to suit under § 1983).

44.     Here Plaintiff brings suit against Fort Bend County and the remaining defendants in their individual and official capacities for violations of Frank Thomas' rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.   Fort Bend County failed to adopt constitutionally adequate policies designed to prevent sexual abuse of jail inmates and properly address sexual abuse when it occurs.  This failure constituted deliberate indifference to Frank Thomas' rights under the Constitution and/or under federal statutory law[2] and was the moving force behind the deprivation of such rights.

45.     For the purpose of his § 1983 claim, Plaintiff asserts two distinct types of actionable conduct by defendants: (1) the occurrence of the sexual assaults; and (2) the failure to provide medical and psychological attention after the assaults.

**(i)       Claims Against Deborah Sutter**

46.     Frank Thomas was forced by defendant Sutter to submit to her sexual molestation under color of authority and threat that she would report "him" for sexual assault if he refused or did not comply with her sadistic sexual molestation.   Deborah

---

[2] With respect to such federal statutory law, Plaintiff specifically cites the Prison Rape Elimination Act, 42 U.S.C. 15601 et. Seq.  Plaintiff also cites Chapters 22 and 39 of the Texas Penal Code and the Texas Occupation Code, which contain procedures regarding the provision of physical and mental evaluations of sexual assault victims for the purpose of gathering evidence.

Sutter used her position as a Mentor for Fort Bend County and the power/authority of Fort Bend County, Texas to commit the unlawful, extreme and outrageous acts described herein.

47.     The Fourth Amendment requires a judicial determination of probable cause as a prerequisite to the invasion of an individual's right to illegal searches and invasion of one's personal body or body parts. {U.S. Const., Amend. 4 and 14; *City of Cleburne v Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Plyer v. Doe*, 457 U.S. 202, 216 (1982) (Equal Protection Clause commands that no state shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a directive to treat all similar situated persons alike)].

48.     Furthermore, defendant Sutter's actions caused Plaintiff to suffer mental anguish, stress, anxiety, humiliation, fear, headaches, lack of sleep, nightmares, severe depression, post traumatic stress disorder, and mortification.  Sutter's malicious and sadistic excessive use of force and *deliberate indifference* to Frank Thomas' physical and mental well-being is extremely shocking. The misconduct of defendant Sutter violated Frank Thomas' Fourth Amendment rights, Fourteenth Amendment Due Process rights and/or Eighth Amendment Rights under the United States Constitution, and/or federal statutory law, and evidenced a reckless disregard for those rights.

   **(ii)     Failure to Adopt Policies Regarding Medical Treatment of Sexual Assault Victims; Deliberate Indifference to Frank Thomas' Medical Needs.**

49.     With respect to the failure to provide medical and psychological attention, Plaintiff brings claims against Fort Bend County and the remaining defendants in their official capacities for "deliberate indifference to serious medical need" in violation of Frank Thomas' Eighth and Fourteenth Amendment rights.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Fort Bend County and the remaining defendants each had subjective knowledge of a substantial health risk to Frank Thomas (upon learning that he was

sexually molested) and each disregarded that risk by failing to take reasonable measures to abate it. Each defendant demonstrated a wanton disregard for Frank Thomas' serious medical needs. Each defendant had actual subjective knowledge that the sexual molestation of Frank Thomas occurred; each was either aware of the existence of video footage of the sexual molestation or actually viewed the video footage; each was in a position to provide Frank Thomas with medical care; and each defendant - armed with the aforementioned knowledge - ignored the risk for harm that was so obvious that even laymen would have recognized care was required. In short, defendants ignored the substantial risk of harm to Frank Thomas by refusing to treat him and otherwise failing to provide him with any form of medical care despite their knowledge of the severity of the sexual acts perpetrated against him.

50. Furthermore, Kenny Johnson, Chance Bagley, Fort Bend County Sheriff Deputy T. Hibbs, Fort Bend County Sheriff Detective Thomas Cantu, Fort Bend County Sheriff Sargent D. Simmons, Fort Bend County Sheriff Sargent T. Morris, Fort Bend County Forensic Interviewer Kristy Gutierrez, and Fort Bend County deprived Frank Thomas of his rights, privileges and immunities in accordance with the procedures set forth by the Texas legislature and federal law in providing physical and mental evaluations of sexual assault victims. [See Prison Rape Elimination Act, 42 U.S.C. § 15601 et. seq. (28 C.F.R., part 115); Texas Penal Codes, Chaps. 22 and 39; as well as Texas Occupations Codes]. Said conduct constituted deliberate indifference to obvious, serious health risks that necessitated medical attention, which was denied to Frank Thomas by these defendants in violation of contemporary standards of human decency.

**(ii)    Failure to Adopt Adequate Policies to Supervise Staff and Train Staff on Sexual Assault and Sexual Harassment, their Prevention and Protection:**

51. Plaintiff asserts a "failure to protect" claim against Fort Bend County based on its failure to protect Frank Thomas from the sexual assault by Deborah Sutter in

15

violation of his Fourth, Eighth, and Fourteenth Amendment rights. *See Ard v. Rushing*, 597 Fed. App'x, 213 219 (5th Cir. 2014).

52.     Fort Bend County Juvenile Detention Center is a state government entity operated through Fort Bend County, whose officials make policies for the administration and operation of the Juvenile Detention Center.  Policies and decisions made by Fort Bend County govern the hiring, training, supervision and funding of Fort Bend County Juvenile Detention Center and the safety of children placed in the custody of Fort Bend County Juvenile Detention Center.

53.     At Fort Bend County Juvenile Detention Center, there are several closed-circuit video cameras that are linked to monitors. Upon information and belief, Fort Bend County Juvenile Detention Center has certain written policies and procedures in place regarding the supervision of workers and children placed in its custody.  Deborah Helen Sutter's repeated molestation of Frank Thomas on at least **one hundred four (104) occasions** demonstrates the woefully inadequate nature of Fort Bend County Juvenile Detention Center's policies and procedures for supervising its workers and safeguarding children.  In the alternative, Fort Bend County Juvenile Detention Center's repeated and routine failure to supervise Deborah Helen Sutter and protect Frank Thomas from harm demonstrates Fort Bend County's failure to implement constitutionally adequate policies.

54.     In this case, Deborah Sutter (a worker hired by Fort Bend County) was repeatedly allowed to take Frank Thomas to a visitation room at Fort Bend County Juvenile Detention center where she would put her hands in the child's pants, fondle the child's penis, and masturbate the child at least twice per visit during each visit for over a year.  Each despicable act was captured on video, but due to the inadequate policies and failure to implement adequate policies, Frank Thomas was nonetheless molested with unadulterated impunity.  Said conduct caused scratches to the child's penis and torso, soreness to his penis, abrasions on his penis, and irritation to the child's penis.

Additionally, the child continues to suffer from fear, severe embarrassment, anxiety, stress, sleepless nights augmented by recurring nightmares,  low self-esteem, severe depression, and post traumatic stress disorder.

55.     Fort Bend County, and its policy-makers are liable for the injuries, sufferings, and constitutional violations committed against Frank Thomas.   Fort Bend County created a danger, which - because of the policy maker's inadequate carrying out policies, failure to implement adequate policies, and failure to supervise Deborah Sutter - facilitated the repeated sexual molestation of Frank Thomas, a child in their custody.  *See Clendon v. City of Columbia*, 258 F3d. 432 (5th Cir. 2001).

56.     Here, Fort Bend County, Kenny Johnson, and Chance Bagley failed to train and supervise Deborah Sutter as well as Fort Bend County Juvenile Detention Center staff.   Their failure to train and supervise Sutter and the staff caused Frank Thomas to be repeatedly sexually assaulted.   Their failure to train and supervise Sutter and staff constituted deliberate indifference to Frank Thomas' constitutional rights.   The fact that Frank Thomas was repeatedly molested by Deborah Sutter (in plain sight) demonstrates a pattern of similar violations arising from training and supervision that was so clearly inadequate as to be obviously likely to result in a constitutional violation.

57.     The Prison Rape Elimination Act, enacted by Congress in 2003, includes findings that "at least 13 percent of the inmates in the United States have been sexually assaulted in prison," noting the "epidemic character of prison rape" and the "day to day horror experienced by victimized inmates."  42 U.S.C.A. § 15601(2), (11).  In light of Deborah Sutter's pattern of sexually abusive behavior and the Congressionally recognized "epidemic character of prison rape" in the United States, Fort Bend County, Kenneth ("Kenny") Johnson, and Chance Bagley should have been aware that their failure to train Sutter and Fort Bend County Juvenile Detention Center staff regarding

sexual abuse and harassment prevention and detection put Frank Thomas and other children in his position at risk of having their rights violated.

58.     Plaintiff avers defendant Fort Bend County was also aware of, but was deliberately/callously indifferent to, certain provisions of Texas state laws in addition to the Fourth, Eight and/or Fourteenth Amendment due process and/or substantive due process rights of Frank Thomas under the United States Constitution.

59.     Pursuant to Section 1701.253 of the Texas Occupation Codes (please see also §1701.352), the policy makers are responsible for establishing an educational curriculum for preparatory and advanced courses and programs that include training in:

A. The investigation and documentation of cases that involve:

1) Child abuse or neglect.

2) Family violence; and

3) Sexual Assault.

B. Training and documentation of cases required by Subsection (b) in:

1) Making a written account of the extent of injuries sustained by the victim of an alleged offense;

2) Recording by photographing or videotaping the area in which an alleged offense occurred and the victim's injuries; and;

3) Recognizing and recording a victim's statement that may be admissible as evidence in a proceeding concerning the matter about which the statement was made.

60.     In addition to the pleaded matters as set forth above, defendant Fort Bend County failed to adopt policies, or have in place constitutionally adequate policies, designed to prevent sexual abuse of inmates.  Fort Bend County also failed to have (or implement) policies dealing with sexual abuse when it occurs.  Fort Bend County's failure to have or implement these policies constituted a deliberate indifference to the federally protected rights of Frank Thomas, and these failures were the moving force

behind the deprivation of his rights mentioned in this complaint. Fort Bend County specifically failed to have policies in place regarding the following matters:

A.  A jail inmate's right to be free from sexual abuse and sexual harassment;

B.  The right of inmates and employees to be free from retaliation for the reporting of sexual abuse and harassment;

C.  The dynamics of sexual abuse and sexual harassment;

D.  The common reactions of sexual abuse and sexual harassment victims;

E.  How to detect and report signs of threatened and actual sexual abuse;

F.  How to avoid inappropriate relationships with inmates;

G.  How to comply with relevant state and federal laws related to the reporting of sexual abuse to outside authorities, including those having prosecutorial authority;

H.  An adequate policy or procedure to document, through employee verification, that all Fort Bend County Juvenile Detention Center employees understand the training they have received;

I.  Policies and/or procedure in place to timely cause victims of, or alleged victims of, jail sexual abuse, to be transported to appropriate medical facilities for purposes of medical examination, treatment, and gathering of evidence.

J.  All applicable state laws regarding the receipt of, handling of, reporting of, complaints of in-jail sexual abuse and/or sexual harassment, and the victims of such sexual abuse, and as mentioned above in this section.

61.    Fort Bend County was aware (through its agents, employees, attorneys, and policy-makers) that sexual abuse of inmates by staff in Texas jails and prisons was a problem. Fort Bend County was also aware of the existence of the Prison Rape Elimination Act of 2003 as mentioned in this complaint.  Additionally, the failure of defendant Fort Bend County to adopt policies such as those reflected by Points A. through J. above, evidenced a deliberate indifference to the likely consequences of failing to adopt such policies and resulted in the deprivations of rights under the United States Constitution and/or federal statutory law.

62.    The Prison Rape Elimination Act (PREA) applies to all detention facilities and specifically recognizes that sexual assault in detention centers can constitute a

violation of the Eighth Amendment.  [42 U.S.C., §15601 (13); U.S. Const., Amend. 8].

The United States Supreme Court has agreed that rape or sexual assault of prisoners by

correctional officers violates the Eighth Amendment, as well as the Fourteenth

Amendment.  [*Farmer v. Brennan*, 511 U.S. 825 (1994)].  Further, the United States

Supreme Court has recognized that a state has a valid interest in protecting victims of

sexual abuse from needless harassment, humiliation, and unnecessary invasions of

privacy. [*Michigan v. Lucas*, 500 U.S. 145, 150 (1991)].

## IX.
## SYNOPSIS OF PRISON RAPE AND ENACTMENT OF PRISON RAPE ELIMINATION ACT

63.     The United States Congress enacted the *PRISON RAPE ELIMINATION

ACT* because of this country's lengthy history of prison rape and sexual assault imposed

on prisoners, by both guards and inmates alike. The purpose of the act was to remove any

doubt that such acts would no longer be tolerated; essentially; making it clear that there

would be "Zero Tolerance" for rapes and sexual assaults of prisoners.  Additionally,

federal funding for armor, equipment, vehicles, and other federally subsidized programs

would also provide financial resources for training and technical assistance in order to

educate and train officials, agents and employees in the prevention of sexual assaults on

prisoners. By receiving federal assistance, defendants inherently waive their rights to

immunity (qualified or otherwise) when they have knowledge of the act and fail to

protect an incarcerated individual from sexual molestation.

64.     Indeed, the Texas Legislature mandated further that prison and jail

officials set guidelines and policies consistent with the Prison Rape Elimination Act;

including, but not limited to, the Texas Penal Code, Texas Code of Criminal Procedure,

Texas Occupations Code, and Texas Health & Safety Code.

65.     Relative to the instant matter, defendants displayed deliberate indifference

to federal and state legislative enactments, criminal law, civil law, and administrative

laws. As detailed above, their actions and omissions constitute absolute disregard for the very rights they were sworn to uphold, enforce and/or prevent. Sadly, these defendants were the prime actors in engaging in precisely the type of behavior forbidden by Prison Rape Elimination Act.

66.     At all times material to these complaints and allegations of fact, all party defendants named in this lawsuit acted in bad faith, and with reckless, callous disregard for the Constitutional and statutory rights of Frank Thomas.

67.     Frank Thomas was forced by defendant Sutter to submit to her sexual molestation.  Deborah Sutter used her position as a Mentor worker for Fort Bend County to commit the unlawful, extreme and outrageous acts described herein.

68.     The misconduct of defendant Sutter caused Frank Thomas to suffer severe emotional distress; to feel embarrassed, humiliated, fearful, and cry; to have countless nightmares, sleepless nights, anxiety, depression, and feelings of worthlessness; and suffer from other forms of degradation.

69.     Not only did Frank Thomas suffer through an excruciating  year-long ordeal of sexual abuse and assault upon his body parts, he was humiliated, horrified, and embarrassed. The matter was exacerbated by denying Frank Thomas the procedural process of lawful police investigations into the matter, or any form of evidence-gathering that would substantiate his claim and provide evidence of his allegations.

70.     Deborah Sutter knew she was unsupervised and Fort Bend County's inadequate policies provided her with the cover she needed to repeatedly molest Frank Thomas.  None of the named individual defendants are immune from legal action, punitive damages, or any other relief this Court deems just as it relates to the intentional infliction of emotional distress on Frank Thomas.

71.     Any reasonable person would know Deborah Sutter's behavior was wrong, immoral, unjustified, and criminal, and upon viewing video of her acts, none of

the individual defendants took action to remedy the matter or facilitate a medical evaluation to determine the extent of Frank Thomas' mental and physical condition.

72.     Fourteenth Amendment Rights provide that "no state shall deprive any person of life, liberty, or property without due process of law," [U. S. Const. amend. 14], and the United States Supreme Court in *Collins vs. Harker Heights*, 503 U. S. 115, 126 (1991), which held that the due process clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression.

73.     The named individual defendants were actors in the entire process, including sexual abuse, failure to supervise Deborah Sutter, and deliberate indifference to Frank Thomas' need for medical attention. Said conduct caused Frank Thomas to suffer severe emotional distress, severe depression, and post traumatic stress.

74.     In their individual capacities, Fort Bend County agents (named individual defendants) deprived Frank Thomas of substantive and procedural due process rights. Such blatant deprivation of Frank Thomas' secured constitutional rights subjected him to physical pain and suffering, emotional and psychological trauma, and anxiety.

## X.
## PRAYER FOR RELIEF

75.     **WHEREFORE**, Plaintiff requests the following relief:

76.     **Declaratory Judgment**, declaring that the complained-of acts and omissions of these defendants violated Frank Thomas' rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and federal laws pursuant to Title 18 U. S. C., §241 and §242; and Title 42 U.S.C., §1983, and ordering Fort Bend County to immediately provide Frank Thomas with psychological care while this lawsuit is pending.

77.     **Punitive damages** in an amount to be determined by the jury, against defendant Deborah Sutter, in her individual capacity, as well as such further relief against

said Defendant for which compensatory damages are requested in her individual capacity, for the reckless disregard for the Constitutional and statutory rights of Frank Thomas mentioned in this complaint.

78.    **Compensatory damages** in an amount to be determined by the jury, against defendant Sutter for her intentional, purposeful, and harmful conduct, by intentionally and sadistically causing serious injury to Frank Thomas by sexually molesting him, for violating the bodily integrity of Frank Thomas, his safety, security, health and welfare, which resulted in severe pain, suffering, and permanent psychological and emotional trauma. Any *reasonable Volunteer Mentor* in a similar position, and acting in her individual capacity, would have known hat such an act would have and could have caused serious bodily injury and psychological harm.

79.    **Compensatory damages** against defendants Kenny Johnson, Chance Bagley, Fort Bend County Sheriff Deputy T. Hibbs, Fort Bend County Sheriff Detective Thomas Cantu, Fort Bend County Sheriff Sargent D. Simmons, Fort Bend County Sheriff Sargent T. Morris, Fort Bend County Forensic Interviewer Kristy Gutierrez, and Fort Bend County in an amount to be determined by the jury, each in their official and/or individual capacities, as well as compensatory damages against named defendants in this case who denied Frank Thomas access to needed medical examination and treatment with attendant mental /emotional treatment/counseling.

80.    **Punitive damages,** of and against Fort Bend County to be determined by the jury.

81.    **Compensatory damages,** of and against each named defendant under the pendent claim of intentional infliction of emotional distress, in an amount to be determined by the jury.

82.    **Compensatory damages** of and against Fort Bend County in an amount to be determined by the jury.

83.     Defendants be ordered to pay all costs associated with this claim, as well as medical expenses, including, but not necessarily limited to, filing fees, attorneys' fees and expenses, future medical treatment and hospital costs, and costs incurred addressing mental health issues arising from defendants' acts in the past, present and future.

84.     Award Plaintiff attorneys' fees and expenses, under 42 U.S.C 1988 and the Americans with Disabilities Act.

85.     Award Plaintiff such further relief in his favor to which he may demonstrate his entitlement and which is in the interest of justice.

Respectfully submitted,

**THE FOLEY LAW FIRM**
By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
Taft.Foley@thefoleylawfirm.com

**PLAINTIFF'S ATTORNEY**

**CERTIFICATE OF SERVICE**

I certify that on February 7, 2019, I served the foregoing Plaintiff's Original Complaint via facsimile, e-mail, The Court's Electronic Filing System and personal delivery service.

**/s/ Taft L. Foley II**