United States District Court
Southern District of Texas

**ENTERED**

March 29, 2019

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN DOE (pseudonym), on behalf   §
of his minor child, FRANK        §
THOMAS (pseudonym),            §
                                §
          Plaintiff,         §
                                §
v.                                 §     CIVIL ACTION NO. H-19-0430
                                §
DEBORAH HELEN SUTTER, FORT BEND   §
COUNTY, TROY NEHLS, KENNETH      §
JOHNSON, CHANCE BAGLEY, THOMAS    §
HIBBS, THOMAS CANTU, DALIA       §
SIMONS, TIMOTHY MORRIS, and      §
KRISTY GUTIERREZ,            §
                                §
          Defendants.       §

### MEMORANDUM OPINION AND ORDER

The parties, plaintiff John Doe (pseudonym) on behalf of his minor child, Frank Thomas (pseudonym) ("Plaintiff"), and defendants Fort Bend County, Troy Nehls, Kenneth Johnson, Chance Bagley, Thomas Hibbs, Thomas Cantu, Dalia Simons, Timothy Morris, and Kristy Gutierrez (collectively, "Defendants") ask the court to resolve a dispute over the appropriate scope of a protective order covering thirty-eight minutes of video evidence (the "Evidence") relevant to both this action and the ongoing prosecution of Deborah Sutter pending in the 400th District Court of Fort Bend County, Texas, which contains child pornography. Pending before the court

is the parties' Joint Motion for Resolution of a Discovery Dispute Regarding Scope of Stipulated Order Protecting Confidential Documents and Testimony (Docket Entry No. 31). For the reasons explained below, the County and Individual County Defendants' Proposed Order Protecting Confidential Documents and Testimony (Docket Entry No. 31-2) will be entered.

The parties do not dispute that the Evidence is discoverable. The parties also agree that some form of protective order is appropriate. Plaintiff and Defendants disagree only as to the appropriate scope of the protective order. Federal Rule of Civil Procedure 26(c)(1) provides guidelines for courts in issuing protective orders:

> **(c)  Protective Orders.**
>
> **(1)** *In General.*  A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > **(A)** forbidding the disclosure or discovery;
> >
> > **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> >
> > **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

"The trial court has broad discretion in using protective orders to limit the means and scope of discovery." Carnaby v. City of Houston, Civil No. H-08-1366, 2008 WL 4546606, at *1 (S.D. Tex. Oct. 10, 2008) (citing Matter of Evangeline Refining Co., 890 F.2d 1312, 1320 (5th Cir. 1989)); see also Seattle Times Co. v. Rhinehart, 104 S. Ct. 2199, 2209 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

The Fifth Circuit has recognized that federal common law affords a qualified privilege to "investigative files in an ongoing criminal investigation. . . ." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991). The law enforcement privilege has a number of purposes, from protecting the identity of confidential informants, In re United States Department of Homeland Security,

459 F.3d 565, 569 (5th Cir. 2006), to protecting the privacy of individuals involved in an investigation, In re The City of New York, 607 F.3d 923, 944 (2d Cir. 2010). In this case Defendants are not asserting the law enforcement privilege to avoid disclosing the Evidence, but to support their argument that the Evidence should be entitled to additional protection and that the "attorneys' eyes only" designation proposed by Plaintiff is insufficient.

"Attorneys' eyes only" designations are one method courts can utilize in protective orders to prevent disclosure of sensitive or confidential information. This designation is common in protective orders in civil litigation involving trade secrets. See Fed. R. Civ. P. 26(c)(1)(G); In re The City of New York, 607 F.3d at 935. "The purpose of this form of limited disclosure is to prevent a party from viewing the sensitive information while nevertheless allowing the party's lawyers to litigate on the basis of that information." Id. at 935-36 (emphasis in the original). In In re The City of New York the Second Circuit acknowledged that "attorneys' eyes only" designations are problematic with respect to some law enforcement records for three compelling reasons: (1) accidental disclosure of law enforcement records can have severe consequences and be difficult to remedy; (2) it is not always clear in the law enforcement context whether an accidental disclosure has occurred; and (3) if an accidental disclosure does occur, the

source of the disclosure can be difficult to identify.[1]  <u>Id.</u> at 936-37.

Plaintiff argues that an "attorneys' eyes only" designation is sufficient to protect law enforcement's interests.  Defendants disagree, arguing that an "attorneys' eyes only" designation is insufficient and that requiring Plaintiff's counsel to view the evidence at the District Attorney's office would appropriately balance Plaintiff's interest in viewing the Evidence with Defendants' interest in protecting the victim and the public. Defendants acknowledge that as the victim's counsel, Plaintiff's counsel shares Defendants' interest in protecting the victim's privacy, but argues that an "attorneys' eyes only" designation will not adequately protect against the risk of an inadvertent disclosure, such as "theft of a computer, burglary of an office, hack, or other technological glitch."[2]  Defendants argue that such an inadvertent disclosure would "ha[ve] no remedy.  Other victims may develop a reluctance to report such abuse for fear that records of such could become public.  Future perpetrators may gain insight into the apprehension of this criminal defendant and evade

---

[1]In light of these and other considerations, the <u>In re The City of New York</u> court ruled that the relevant evidence was protected by the law enforcement privilege and not subject to disclosure under any conditions.  607 F.3d at 951.

[2]<u>See</u> Joint Motion for Resolution of a Discovery Dispute Regarding Scope of Stipulated Order Protecting Confidential Documents and Testimony, Docket Entry No. 31, p. 10.

[detection]."[3]

The Evidence is a video depiction of the sexual molestation of a child victim.   Defendants have cited examples of the serious consequences that could result from an inadvertent disclosure of the Evidence.   When issuing a protective order, the court has discretion to determine what degree of protection is appropriate. Rule 26(c)(1)(B) provides that protective orders may "specify terms, including time and place or the allocation of expenses, for the disclosure or discovery."   Fed. R. Civ. P. 26(c)(1)(B).   Rule 26(c)(1)(E) provides that the court may also "designat[e] the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E).   Defendants' proposed protective order does not prevent Plaintiff's counsel from viewing the Evidence, but would restrict the manner in which it is viewed and prevent a copy of particularly sensitive material depicting the sexual exploitation of a child from being publicly disseminated. Plaintiff's counsel has already inspected the Evidence at the District Attorney's office.[4]   Should Plaintiff's counsel need to view the Evidence again in preparation for trial, counsel will be able to do so pursuant to Defendants' proposed order under similar

---

[3]See id.

[4]See id. at 8; Declaration of the Honorable Brian Middleton on Behalf of the County and Individual County Defendants' Motion for a Protective Order ("Middleton Declaration"), Docket Entry No. 34, p. 3, ¶ 7 ("I have allowed the attorneys-in-charge of this matter to view these materials under the supervision of my office.").

circumstances as his previous viewing.[5]

Defendants' proposed protective order balances Plaintiff's interest in viewing the Evidence with law enforcement's interest in protecting the victim and the public from the consequences of a potential inadvertent disclosure.  The parties' Joint Motion for Resolution of a Discovery Dispute Regarding Scope of Stipulated Order Protecting Confidential Documents and Testimony (Docket Entry No. 31) is therefore **GRANTED** and the court will enter The County and Individual County Defendants' Proposed Order Protecting Confidential Documents and Testimony (Docket Entry No. 31-2).

**SIGNED** at Houston, Texas, on this 29th day of March, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[5]<u>See</u> Middleton Declaration, Docket Entry No. 34, p. 3, n.2 ("I would allow a similar procedure for the materials [Plaintiff's counsel] recently requested.").

-7-